1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL HUNTINGTON,                        Case No.  2:24-cv-0690-JDP (P)

12              Plaintiff,

13        v.                                      ORDER

14    SACRAMENTO COUNTY,

15              Defendant.

16

17

18        Plaintiff, a detainee proceeding without counsel, alleges that defendant Sacramento

19   County and an indeterminate number of "Doe" medical staff failed to provide him with adequate

20   medical treatment. ECF No. 1 at 2-5.  For the reasons stated below, his claims against the county

21   are non-cognizable, and his claims against the individual medical providers cannot proceed until

22   he specifically identifies a defendant who can be served.  I will deny his motion to proceed *in*

23   *forma pauperis*, ECF No. 2, as moot because he has already paid the filing fee.

24                                **Screening Order**

25   **I.        Screening and Pleading Requirements**

26        A federal court must screen a prisoner's complaint that seeks relief against a governmental

27   entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

28   claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

                                          1

1    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12   n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20         **II.      Analysis**

21         Plaintiff alleges that on September 10, 2023, he began experiencing fever, chills, and

22   vomiting.  ECF No. 1 at 3.  He claims that despite his submitting multiple requests for medical

23   care, staff at the Sacramento County Jail did not provide him with care, and his symptoms

24   worsened.  *Id.*  Eventually, he fell, struck his head, and was rushed to a hospital where he was

25   diagnosed with kidney failure.  *Id.*  He also alleges that, after returning to the jail, staff failed to

26   provide him with adequate post-surgical care.  *Id.* at 5, 7-11.  These allegations fail to state a

27   claim against Sacramento County, because plaintiff does not attribute the failings in care to any

28   policy or custom of the county.  *See Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021).

1   His claims against the individual providers appear broadly cognizable insofar as they allege

2   constitutionally deficient care, but they cannot proceed in current form for two reasons.  First,

3   plaintiff has failed to distinguish between the responsible individuals.  He broadly alleges that an

4   uncertain number of medical staff were responsible for the inadequacy in care but fails to allege

5   how each individual defendant was responsible by their own action or inaction.  As such, he has

6   failed to provide any defendant with adequate notice of the specific claims against him or her.

7   Second, absent identification of at least one defendant, no one can be served in connection with

8   these claims, and this action cannot proceed.  I note that plaintiff does refer to some deputies by

9   name in the complaint, but it is unclear whether he intends to bring any claim against these

10   individuals, insofar as they are not identified in the caption.

11          Plaintiff may file an amended complaint within thirty days that addresses the foregoing

12   deficiencies.  He is advised that the amended complaint will supersede the current complaint.  *See*

13   *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended

14   complaint should be titled "Amended Complaint" and refer to the appropriate case number.  If he

15   fails to file an amended complaint within the deadline, I may recommend dismissal of this action

16   for failure to prosecute.

17          Accordingly, it is ORDERED that:

18          1.  Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

19          2.  Within thirty days from service of this order, plaintiff shall file either (1) an amended

20   complaint or (2) notice of voluntary dismissal of this action without prejudice.

21          3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

22   result in the imposition of sanctions, including a recommendation that this action be dismissed

23   with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

24          4.  The Clerk of Court shall send plaintiff a complaint form with this order.

25          5.  Plaintiff's motion for *in forma pauperis*, ECF No. 2, is denied as moot in light of

26   plaintiff paying the filing fee.

27

28

IT IS SO ORDERED.


Dated:     January 13, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE